IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ANTHONY PAGE CAMERON; and SUSAN MARIA CAMERON,<br><br>    Debtors.<br>_____/<br>SUSAN MARIA CAMERON,<br><br>    Appellant,<br>  v.<br>MINOT LLC, A WASHINGTON LIMITED LIABILITY COMPANY,<br><br>    Appellee.<br>_____/ | No. C 13-02018 SI<br><br>**ORDER DISMISSING BANKRUPTCY APPEAL FOR LACK OF JURISDICTION** |

    Now before the Court is an appeal by debtor/appellant Susan Maria Cameron from several orders entered by the Hon. William J. Lafferty of the Bankruptcy Court for the Northern District of California. Docket No. 1. The orders appealed are: (1) the July 20, 2012 order granting plaintiff's motion for summary judgment; (2) the July 20, 2012 judgment; (3) the October 12, 2012 order granting defendant Ms. Cameron's motion to alter/amend and setting further schedule; and (4) the March 5, 2013 order vacating prior order and conditionally granting defendant Ms. Cameron's motion to alter/amend. *See* Docket No. 1-2. Upon careful consideration of the parties' papers, the Court dismisses Ms. Cameron's appeal for lack of jurisdiction.

## BACKGROUND

On September 26, 2011, Minot, LLC filed a complaint to determine the nondischargeability of debt against debtors Anthony Page Cameron and Susan Maria Cameron. Docket No. 3-2. On October 3, 2011, Minot filed a first amended complaint ("FAC") against the Camerons, alleging (1) a claim under 11 U.S.C. § 523(a)(2)(A) for fraud and/or obtaining money under false pretenses; (2) a claim under 11 U.S.C. § 523(a)(6) for willful and malicious injury by debtor to the property of plaintiffs; and (3) a claim under 11 U.S.C. § 523(a)(19) for violation of federal securities laws and/or state securities law. Docket No. 3-4. On November 18, 2011, the Camerons, proceeding pro se, filed an answer to the FAC. Docket No. 3-6.

On May 23, 2012, Minot filed a motion for summary judgment against the Camerons based on its § 523(a)(2)(A) claim for fraud and/or obtaining money under false pretenses. Docket No. 3-10. In the motion, Minot argued that Mr. Cameron's fraud may be imputed to Ms. Cameron under the agency principles enunciated in *In re Tsurukara*, 287 B.R. 527 (B.A.P. 9th Cir. 2002). Docket No. 3-10 at 11. Neither Mr. Cameron nor Ms. Cameron filed an opposition to the motion for summary judgment by the required deadline under the Local Rules. *See* Docket No. 3-55; N.D. Cal. Bankr. L.R. 7007-1(b). On June 18, 2012, the bankruptcy court issued a "Memorandum re: The Hearing on Plaintiff's Motion for Summary Judgment," apprising Minot of the court's concerns regarding its *Tsurukawa* arguments. Docket No. 3-17. On June 20, 2012, the bankruptcy court held a hearing on the motion for summary judgment. *See* Docket No. 3-55. Neither Mr. Cameron nor Ms. Cameron appeared at the hearing.[1]

Thereafter, on June 27, 2012, the bankruptcy court issued a proposed order granting Minot's motion for summary judgment. Docket No. 3-19. In the order, the bankruptcy court stated that it would lodge the proposed order and allow the Camerons fourteen (14) days to file an opposition to Minot's motion for summary judgment. *Id.* at 2. On July 10, 2012, Ms. Cameron filed a substitution of

---

[1] Mr. Cameron was present in court at the start of that day's calendar, but was not present when the motion was heard. Docket Nos. 3-19, 3-51 at 3-4. In her brief, Ms. Cameron states that during the course of the calendar there were two fire alarms that caused the courthouse to be evacuated twice for two hours, and that by the time the matter was heard, Mr. Cameron was unable to appear. Docket No. 7 at 6. Ms. Cameron does not state why she did not attend the hearing.

2

attorney—substituting in Mr. Smyth in place of herself as attorney of record—and filed an opposition to Minot's motion for summary judgment, contesting her liability under *Tsurukawa*. Docket Nos. 3-20, 3-22. The bankruptcy court held a telephonic conference on the motion on July 16, 2012. *See* Docket No. 3-55. On July 20, 2012, the bankruptcy court entered an order granting Minot's motion for summary judgment against the Camerons based on Minot's claim for relief under 11 U.S.C. § 523(a)(2)(A). Docket No. 3-23. On July 20, 2012, the bankruptcy court also entered judgment in favor of Minot and against the Camerons in the amount of $113,418.30. Docket No. 3-24.

On August 5, 2012, Ms. Cameron filed a motion to alter/amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing that the bankruptcy court committed manifest errors of law and fact in granting Minot's motion for summary judgment. Docket No. 3-27. The bankruptcy court held a hearing on the motion on September 12, 2012. *See* Docket No. 3-55. On October 12, 2012, the bankruptcy court granted Ms. Cameron's motion to alter/amend the judgment, vacated its entry of summary judgment against Ms. Cameron, and gave Minot a deadline to file its motion to compel and for sanctions. Docket No. 3-29.

On October 17, 2012, Minot filed a motion to compel, to deem requests for admissions admitted, and for monetary sanctions pursuant to Federal Rule of Civil Procedure 37 and the court's inherent powers in the amount of $13,178.70. Docket No. 3-30. The bankruptcy court held hearings on the motion on November 14, 2012, December 19, 2012, and January 9, 2013. *See* Docket No. 3-55. On March 5, 2013, the bankruptcy court issued an order vacating its prior October 12, 2012 order and conditionally granting Ms. Cameron's motion to alter/amend the judgment. Docket No. 3-43. In the order, the bankruptcy court conditioned its granting of the motion to alter/amend on Ms. Cameron paying to plaintiff, or otherwise coming to some accommodation satisfactory to plaintiff, $5,785 in attorney's fees and $198.20 in costs within thirty (30) days from the entry of the order. *Id.* at 3-4. The order further stated:

> If the amount of sanctions set forth in . . . this Order is not timely paid or satisfactory arrangements are not timely made via agreement with Plaintiff, then this Court's GRANT of the Motion for Reconsideration shall be vacated and be of no further force or effect, and the Court will promptly enter a further order to that effect if requested by counsel.

*Id.* at 4.

3

1  On March 19, 2013, Ms. Cameron filed a notice of appeal. Docket Nos. 1-2, 3-44. In her
2 opening brief, Ms. Cameron lists the following appellate issues:

3  1. Whether the bankruptcy court erred in granting summary judgment as to Susan Cameron
4   based on imputed liability for her husband's fraud when it was not pleaded in the first
5   amended complaint;

6  2. Whether these issues were properly determined by summary judgment rather than trial;

7  3. Whether the order granting summary judgment was a de facto terminating sanction,
8   imposed without due process; and

9  4. Whether the bankruptcy court erred in requiring payment on the discovery sanctions as
10   a condition of setting aside the summary judgment as a matter of law.

Docket No. 5 at 5.

## DISCUSSION

Minot argues that the Court should dismiss Ms. Cameron's appeal for lack of jurisdiction. Docket No. 6 at 1-3. Specifically, Minot argues that the last order entered by the bankruptcy court was an order conditionally granting Ms. Cameron's motion to amend the judgment, and, therefore, Ms. Cameron's appeal is not an appeal from a final order. *Id.* In response, Ms. Cameron argues that even if her appeal was premature when filed, the Court has jurisdiction over the appeal following the bankruptcy court's final disposition on her motion to alter/amend the judgment. Docket No. 7 at 8-9.

28 U.S.C. § 158(a) vests jurisdiction in district courts to hear appeals from "(1) from final judgments, orders, and decrees; . . . and (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges . . . ." *Accord In re Frontier Properties, Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). "Thus only 'final' rulings of the bankruptcy court may be appealed as of right." *Id.*

Generally, a final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The Ninth Circuit has "held that the finality rules are to be given additional flexibility in the context of bankruptcy proceedings." *Frontier Properties*, 979 F.2d at 1363. Specifically, the Ninth Circuit has applied a "pragmatic approach" to finality in bankruptcy cases and held that "a bankruptcy order is appealable

4

where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *Id.* But, in the context of an adversary proceeding, an order is final if it would be considered an appealable final order in an ordinary federal civil action under 28 U.S.C. § 1291. *See In re King City Transit Mix, Inc.*, 738 F.2d 1065, 1066 (9th Cir. 1984) (explaining that in an adversary proceeding "even the unique nature of a bankruptcy proceeding does not warrant a departure from final order jurisprudence developed in the context of 28 U.S.C. § 1291"); *In re Belli*, 268 B.R. 851, 855 (B.A.P. 9th Cir. 2001) ("Finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291."); *see also In re Stanton*, 766 F.2d 1283, 1286 (9th Cir. 1985) (finding that the bankruptcy court's order was final where the "order left nothing to be resolved between the partners [and] ended the adversary proceeding").

"'[A] ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter.'" *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000) (quoting *Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997)); *see also Citicorp Real Estate v. Smith*, 155 F.3d 1097, 1101 (9th Cir. 1998) (explaining that a ruling is not final if the decision "'is tentative, informal or incomplete'"). "Lest litigants be misled about when their time to appeal begins to run, there must be some 'clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case.'" *In re Brown*, 484 F.3d 1116, 1122 (9th Cir. 2007). A ruling that is contingent in nature and potentially requires further action from the court is not a final decision. *See, e.g.*, *Zucker v. Maxicare Health Plans*, 14 F.3d 477, 481-82 (9th Cir. 1994) (concluding that the judgment at issue was not final and the court did not have jurisdiction over the appeal based on the contingent nature of the judgment).

Prior to the appeal, the most recent order entered by the bankruptcy court was its March 5, 2013 order conditionally granting Ms. Cameron's motion to alter/amend the judgment. Docket No. 3-43. In the order, the bankruptcy court stated that its granting of the motion to alter/amend the judgment was conditioned on "within thirty (30) days of the entry of this Order, Susan Cameron either pay[ing] to Plaintiff, or otherwise com[ing] to some accommodation satisfactory to Plaintiff with respect to said

payment, the amount of $5785 in attorneys fees to counsel for Plaintiff . . . as well as the amount of $198.20 in costs . . . ." *Id.* at 3. The order further states: "If counsel for the Plaintiff informs the Court within thirty-five (35) days of the date of this Order that the sanctions have been paid or satisfactory agreement has been reached, then the Court will promptly schedule a further status conference in this matter to facilitate the prompt disposition of the issues remaining between the parties . . . ." *Id.* at 4. Ms. Cameron filed her notice of appeal on March 19, 2013, prior to the expiration of the thirty-day deadline. Docket Nos. 1-2, 3-44. The conditional nature of the ruling at the time of Ms. Cameron's appeal "raise[s] questions of finality." *Nat'l Distribution*, 117 F.3d at 433. The order contemplates further action from the bankruptcy court if Ms. Cameron pays the required sanctions. Therefore, the conditional nature of the ruling rendered it non-final. *See, e.g.*, *Zucker*, 14 F.3d at 481-82.

In her appellate briefs, Ms. Cameron does not state whether she intends to pay the required sanctions and proceed in the action. The Court recognizes that if Ms. Cameron had expressed an intention to not pay the sanctions, it could potentially render the ruling final. *See, e.g.*, *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 443 n.3 (5th Cir. 1979). But, even assuming Ms. Cameron does not intend to pay the sanctions, other language in the March 5, 2013 order supports the conclusion that the bankruptcy court did not intend the order to be its final act in the adversary proceeding. The order states:

> If the amount of sanctions set forth in . . . this Order is not timely paid or satisfactory arrangements are not timely made via agreement with Plaintiff, then this Court's GRANT of the Motion for Reconsideration shall be vacated and be of no further force or effect, and the Court will promptly enter a further order to that effect if requested by counsel.

Docket No. 3-43 at 4. Here, the bankruptcy court states that if Ms. Cameron does not pay the sanctions, it will enter a further order vacating its grant of the motion to alter/amend "if requested by counsel." This language appears to contemplate further action by the bankruptcy court in the event that the sanctions are not paid. That further action may simply be entering a single order vacating the bankruptcy court's grant of the motion to alter/amend and reaffirming the judgment, but "[t]his court should not assume, . . . in order to obtain jurisdiction, that the [bankruptcy] court will take such action." *Zucker*, 14 F.3d at 481.

Further, it appears that the March 5, 2013 order did not result in a full adjudication of all the

6

issues between the parties in the adversary proceeding. At the end of the order, the bankruptcy court states: "Nothing in this Order or in any prior Order of this Court shall be, or shall be deemed to be, a limitation or restriction on Plaintiff's ability to assert liability against Susan Cameron pursuant to Section 523(a)(6) of the Code, as set forth in the Complaint." Docket No. 3-43 at 4. Minot's motion for summary judgment only addressed its § 523(a)(2)(A) claim against Ms. Cameron. Therefore, based on the above language in the March 5, 2013 order, it appears that Minot's § 523(a)(6) claim against Ms. Cameron currently remains in the adversary proceeding. Moreover, the language is further evidence that the bankruptcy court did not intend the March 5, 2013 order to be the bankruptcy court's final act in the matter. *See In re Slimick*, 928 F.2d 304, 308 (9th Cir. 1990) ("failure of disposition to resolve all issues at bar is evidence that judge did not intend it to be final" (citing *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227 (1958))). Accordingly, the Court concludes that the March 5, 2013 order is not a final order. Therefore, is not appealable as a matter of right, and the Court does not possess jurisdiction over the appeal under 28 U.S.C. § 158(a)(1).

Because Ms. Cameron's appeal is not from a final ruling, it is an interlocutory appeal. A district court has discretion to hear an interlocutory appeal from a bankruptcy court. 28 U.S.C. § 158(a)(3); *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003). To determine whether an interlocutory order may be appealed, courts consider whether the "order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation" and also "whether denying leave will result in wasted litigation and expense." *See In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995). Interlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist. *Carey v. Johnson Chua*, No. C 96-4045 TEH, 1996 U.S. Dist. LEXIS 18673, at *2 (N.D. Cal. Dec. 3, 1996); *In re First Magnus Litigation Trust*, No. CV 10-232-TUC-CKJ, 2010 U.S. Dist. LEXIS 92483, at *11-12 (D. Ariz. Aug. 10, 2010).

After reviewing the factors above, the Court declines to exercise its discretion to hear Ms. Cameron's interlocutory appeal. In her opening brief, Ms. Cameron lists four appellate issues. Docket No. 5 at 5. The first three issues relate to whether the bankruptcy court erred in granting Minot's motion for summary judgment against her. *Id.* However, at the current stage of the litigation, the bankruptcy

7

court has agreed to reconsider that order and grant Ms. Cameron's motion to alter/amend—provided that Ms. Cameron pays the required sanctions. Docket No. 3-43. Therefore, Ms. Cameron's appeal turns on the fourth issue in her brief—whether the bankruptcy court erred in requiring that she pay sanctions as a condition to granting her motion to alter/amend. Whether the bankruptcy court erred in its sanctions order does not involve a controlling question of law. It involves determining whether the bankruptcy court abused its discretion in imposing the sanctions in light of the relevant factors and the conduct involved. *See In re Rubin*, 769 F.2d 611, 615 (9th Cir. 1985); *In re Visioneering Constr.*, 661 F.2d 119, 123-24 (9th Cir. 1981). Moreover, it is unclear at this stage in the litigation whether an immediate appeal would materially advance the ultimate termination of the litigation or whether denying leave will result in wasted litigation and expense. In her briefs, Ms. Cameron does not state whether she would pay the required sanctions. If Ms. Cameron is willing to pay the sanctions, then there will likely be further proceedings before the bankruptcy court regardless of whether the sanctions order is affirmed or reversed. In this situation, an interlocutory appeal would delay the ultimate resolution of the adversary proceeding and potentially result in more expense to the parties. *See Shurance v. Planning Control International, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (finding that the appeal would not materially advance the termination of the action where the appeal "might well have the effect of delaying the resolution of this litigation"). Accordingly, the Court declines to hear Ms. Cameron's interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES appellant Susan Maria Cameron's appeal for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: March 17 , 2014

SUSAN ILLSTON
United States District Judge

8