**United States District Court**
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   In re ANTHONY PAGE CAMERON; and          No. C 13-02018 SI
    SUSAN MARIA CAMERON,
10                                            **ORDER DENYING APPELLANT'S**
            Debtors.                          **MOTION FOR REHEARING OR**
11   _____/        **RECONSIDERATION**

12   SUSAN MARIA CAMERON,

13            Appellant,

14       v.
    MINOT LLC, A WASHINGTON LIMITED
15   LIABILITY COMPANY,
            Appellee.
16   _____/

17
        Presently before the Court is a motion by appellant Susan Maria Cameron for rehearing or
18
    reconsideration of the Court's March 17, 2014 Order Dismissing Bankruptcy Appeal for Lack of
19
    Jurisdiction. Docket No. 10.  For the reasons set out below, the Court DENIES appellant's motion for
20
    rehearing or reconsideration.
21

22
                                     **BACKGROUND**
23
        On September 26, 2011, Minot, LLC filed a complaint in bankruptcy court to determine the
24
    nondischargeability of debt against debtors Anthony Page Cameron and Susan Maria Cameron. Docket
25
    No. 3-2.  On October 3, 2011, Minot filed a first amended complaint ("FAC") against the Camerons,
26
    alleging (1) a claim under 11 U.S.C. § 523(a)(2)(A) for fraud and/or obtaining money under false
27
    pretenses; (2) a claim under 11 U.S.C. § 523(a)(6) for willful and malicious injury by debtor to the
28

**United States District Court**
For the Northern District of California

1   property of plaintiffs; and (3) a claim under 11 U.S.C. § 523(a)(19) for violation of federal securities

2   laws and/or state securities law.  Docket No. 3-4.  On November 18, 2011, the Camerons, proceeding

3   pro se, filed an answer to the FAC.  Docket No. 3-6.

4   On May 23, 2012, Minot filed a motion for summary judgment against the Camerons based on

5   its § 523(a)(2)(A) claim for fraud and/or obtaining money under false pretenses.  Docket No. 3-10.  In

6   the motion, Minot argued that Mr. Cameron's fraud may be imputed to Ms. Cameron under the agency

7   principles enunciated in *In re Tsurukawa*, 287 B.R. 527 (B.A.P. 9th Cir. 2002).  Docket No. 3-10 at 11.

8   Neither Mr. Cameron nor Ms. Cameron filed an opposition to the motion for summary judgment by the

9   required deadline under the Local Rules.  *See* Docket No. 3-55; N.D. Cal. Bankr. L.R. 7007-1(b).  On

10  June 18, 2012, the bankruptcy court issued a "Memorandum re: The Hearing on Plaintiff's Motion for

11  Summary Judgment," apprising Minot of the court's concerns regarding its *Tsurukawa* arguments.

12  Docket No. 3-17.  On June 20, 2012, the bankruptcy court held a hearing on the motion for summary

13  judgment.  *See* Docket No. 3-55.  Neither Mr. Cameron nor Ms. Cameron appeared at the hearing.[1]

14  Following the hearing, the bankruptcy court issued, on June 27, 2012, a proposed order granting

15  Minot's motion for summary judgment.  Docket No. 3-19.  In the order, the bankruptcy court stated that

16  it would lodge the proposed order and allow the Camerons fourteen (14) days to file an opposition to

17  Minot's motion for summary judgment.  *Id.* at 2.  On July 10, 2012, Ms. Cameron filed a substitution

18  of attorney—substituting in Mr. Smyth in place of herself as attorney of record—and filed an opposition

19  to Minot's motion for summary judgment, contesting her liability under *Tsurukawa*.  Docket Nos. 3-20,

20  3-22.  The bankruptcy court held a telephonic conference on the motion on July 16, 2012.  *See* Docket

21  No. 3-55.  On July 20, 2012, the bankruptcy court entered an order granting Minot's motion for

22  summary judgment against the Camerons based on Minot's claim for relief under 11 U.S.C. §

23  523(a)(2)(A).  Docket No. 3-23.  On July 20, 2012, the bankruptcy court also entered judgment in favor

24  of Minot and against the Camerons in the amount of $113,418.30.  Docket No. 3-24.

25

26  [1] Mr. Cameron was present at the start of the calendar but not when the motion was heard.
27  Docket Nos. 3-19, 3-51 at 3-4.  In her reply brief, Ms. Cameron states that during the course of the
    calendar there were two fire alarms that caused the courthouse to be evacuated twice for two hours, and
    that once the matter was heard, Mr. Cameron was unable to appear.  Docket No. 7 at 6.  Ms. Cameron
28  does not state why she did not attend the hearing.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7

On August 5, 2012, Ms. Cameron filed a motion to alter/amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing that the bankruptcy court committed manifest errors of law and fact in granting Minot's motion for summary judgment. Docket No. 3-27. The bankruptcy court held a hearing on the motion on September 12, 2012. *See* Docket No. 3-55. On October 12, 2012, the bankruptcy court granted Ms. Cameron's motion to alter/amend the judgment, vacated its entry of summary judgment against Ms. Cameron, and gave Minot a deadline to file its motion to compel and for sanctions. Docket No. 3-29.

8
9
10
11
12
13
14
15
16
17

On October 17, 2012, Minot filed a motion to compel, to deem requests for admissions admitted, and for monetary sanctions in the amount of $13,178.70, pursuant to Federal Rule of Civil Procedure 37 and the court's inherent powers. Docket No. 3-30. The bankruptcy court held hearings on the motion on November 14, 2012, December 19, 2012, and January 9, 2013. *See* Docket No. 3-55. On March 5, 2013, the bankruptcy court issued an order vacating its prior October 12, 2012 order and conditionally granting Ms. Cameron's motion to alter/amend the judgment. Docket No. 3-43. In the order, the bankruptcy court conditioned its granting of the motion to alter/amend on Ms. Cameron paying to plaintiff, or otherwise coming to some accommodation satisfactory to plaintiff, $5,785 in attorney's fees and $198.20 in costs within thirty (30) days from the entry of the order. *Id.* at 3-4. The order further stated:

18
19
20

> If the amount of sanctions set forth in . . . this Order is not timely paid or satisfactory arrangements are not timely made via agreement with Plaintiff, then this Court's GRANT of the Motion for Reconsideration shall be vacated and be of no further force or effect, and the Court will promptly enter a further order to that effect if requested by counsel.

21

*Id.* at 4.

22
23
24
25

On March 19, 2013, Ms. Cameron filed a notice of appeal. Docket Nos. 1-2, 3-44. In Minot's opening brief, it argued that the Court should dismiss the appeal for lack of jurisdiction. Docket No. 6 at 1-3. In her reply brief, Ms. Cameron responded to Minot's contention and argued that the Court had jurisdiction over her appeal. Docket No. 7 at 8-9.

26
27
28

On March 17, 2014, the Court issued an order dismissing the appeal for lack of jurisdiction. Docket No. 8. The Court held that the current appeal was not an appeal from a final order because the conditional nature of the bankruptcy court's March 5, 2013 order rendered the order non-final. *Id.* at

**United States District Court**
For the Northern District of California

1   5-6.  The Court also explained that the language in the March 5, 2013 order supported the conclusion

2   that the bankruptcy court did not intend the order to be its final act in the adversary proceeding.  *Id.* at

3   6-7.  In addition, the Court declined to exercise its discretion to hear the interlocutory appeal.  *Id.* at 7-8.

4   By the present motion, appellant moves for rehearing or reconsideration of the Court's March 17, 2014

5   order.  Docket No. 10.

6

7                                                **DISCUSSION**

8   **I.        Motion for Rehearing**

9            **A.        Legal Standard**

10           Federal Rule of Bankruptcy Procedure 8015 allows a party to file a motion for a rehearing within

11  14 days after the entry of judgment.  The Ninth Circuit has explained that it is proper to evaluate

12  whether to grant a motion for rehearing under Bankruptcy Rule 8015 by "applying the review standard

13  applicable to Fed. R. App. P. 40(a)(2)."  *In re Fowler*, 394 F.3d 1208, 1214 (9th Cir. 2005).  That

14  standard "requires that a motion for rehearing state with particularity each point of law or fact that the

15  movant believes the court has overlooked or misapprehended."  *Id.* at 1215.  A petition for rehearing

16  may not be used to raise arguments for the first time that were not raised in an appellate brief or at oral

17  argument.  *See Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992) ("[T]he general doctrine of

18  waiver applies to arguments raised for the first time in a petition for rehearing."); *United States v. Lewis*,

19  798 F.2d 1250, 1250 (9th Cir. 1986).

20

21           **B.        Analysis**

22           In her motion, Ms. Cameron argues that she is entitled to rehearing of the Court's prior order

23  based on four separate grounds.  First, Ms. Cameron argues that the Court's prior order overlooks that

24  the finality requirement for appeals does not necessarily require that the appeal be taken from the last

25  possible order in the case, citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).

26  Docket No. 11 at 3-4.  Second, Ms. Cameron argues that the Court's prior order overlooks that Minot

27  waived its remaining claims in the adversary proceedings.  *Id.* at 5-7.  Third, Ms. Cameron argues that

28  the Court's prior order overlooks that the bankruptcy court's March 5, 2013 order did not impact the

**United States District Court**
For the Northern District of California

1  finality of the bankruptcy court's prior entry of summary judgment. *Id.* at 7-10. Fourth, Ms. Cameron

2  argues that the Court's prior order overlooks that the issue of imputation of liability is dispositive of the

3  entire action as demonstrated by the recent decision *In re Huh*, No. CC-12-1633-En Banc, 2014 Bankr.

4  LEXIS 948 (B.A.P. 9th Cir. Mar. 11, 2014). Docket No. 11 at 10-11.

5       None of these specific arguments or the authorities cited in support of the arguments were raised

6  in Ms. Cameron's appellate briefs. In her reply brief, Ms. Cameron argued that even though her appeal

7  was premature when it was filed, the Court has jurisdiction over the appeal following the bankruptcy

8  court's final disposition on her motion to alter/amend the judgment. Docket No. 7 at 8-9. Ms. Cameron

9  also argued that the bankruptcy court's summary judgment order was a final order, but did not cite any

10 authority in support of this contention. The Court's prior order adequately addressed these arguments

11 and did not overlook them. Docket No. 8 at 4-7. Appellant seeks to use her motion for rehearing as

12 vehicle to present arguments for the first time that were not raised in her appellate briefs. Because it

13 is improper to raise new arguments for the first time in a motion for rehearing, the Court denies

14 appellant's motion for rehearing. *See Boardman*, 957 F.2d at 1535; *Lewis*, 798 F.2d at 1250.

15

16 **II.**     **Motion for Reconsideration**

17     **A.**     **Legal Standard**

18      A district court has inherent jurisdiction to modify, alter, or revoke a prior order or judgment.

19 *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration is appropriate if the

20 district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

21 decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist.*

22 *No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* N.D. Cal. Civ. L.R. 7-9(b).

23 Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used

24 sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342

25 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

26 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly

27 unusual circumstances . . . .'"). "A motion for reconsideration 'may not be used to raise arguments or

28 present evidence for the first time when they could reasonably have been raised earlier in the

**United States District Court**
For the Northern District of California

1   litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880; *see also Zimmerman v. City of Oakland*, 255 F.3d

2   734, 740 (9th Cir. 2001) (citations omitted) ("A district court does not abuse its discretion when it

3   disregards legal arguments made for the first time on a motion to amend" a judgment.).

4   Under Civil Local Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first

5   obtaining leave of Court to file the motion."

6

7   **B.      Analysis**

8   Appellant did not seek or obtain leave of Court prior to filing the present motion for

9   reconsideration.  Therefore, the present motion is in violation of Civil Local Rule 7-9(a), and the Court

10  may deny the motion on this basis alone.  Moreover, even if appellant had sought leave of Court to file

11  her motion for reconsideration, the Court would have denied the motion for leave.  All of the arguments

12  in the motion concerning the Court's jurisdiction are arguments that could have been made by appellant

13  in her reply brief.[2]  A motion for reconsideration may not be used to make arguments for the first time

14  that could reasonably have been raised earlier in the litigation.  *See Marlyn Nutraceuticals*, 571 F.3d

15  at 880; *Zimmerman*, 255 F.3d at 740.  Accordingly, the Court DENIES appellant's motion for

16  reconsideration.

17

18

19  ///

20  ///

21

22      [2] In the motion for reconsideration, appellant cites to the recent en banc decision by the
    Bankruptcy Appellate Panel for the Ninth Circuit: *In re Huh*, No. CC-12-1633-En Banc, 2014 Bankr.
23  LEXIS 948 (B.A.P. 9th Cir. Mar. 11, 2014).  The Court recognizes that this recent authority could not
    have been cited in appellate's reply brief because it was issued after her reply brief was filed.  However,
24  the decision in *Huh* has nothing to do with whether the Court has jurisdiction over Ms. Cameron's
    appeal.  In *Huh*, the bankruptcy panel held that "more than a principal/agent relationship is required to
25  establish a fraud exception to discharge.  While the principal/debtor need not have participated actively
    in the fraud for the creditor to obtain an exception to discharge, the creditor must show that the debtor
26  knew, or should have known, of the agent's fraud."  *Id.* at *37-38.  The holding in *Huh* relates to the
    merits of Ms. Cameron's appeal, not whether the Court has jurisdiction over the appeal.  Therefore,
27  appellant is not entitled to reconsideration of the Court's prior order based on the decision in *Huh*.  Any
    arguments related to the application of *Huh* to the present case should be directed to the bankruptcy
28  judge upon remand.

**CONCLUSION**

For the foregoing reasons, the Court DENIES appellant's motion for rehearing or reconsideration of the Court's March 17, 2014 order.  Docket No. 10.

**IT IS SO ORDERED.**

Dated: April 7 , 2014

SUSAN ILLSTON
United States District Judge